UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD H.,<br><br>                    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                    Defendant. | Case No.: 20cv1123-RBB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 13]; DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT [ECF NO. 16]; AND REMANDING CASE FOR FURTHER PROCEEDINGS** |

On June 18, 2020, Plaintiff Donald H.[1] commenced this action against Defendant Andrew Saul, Commissioner of Social Security, for judicial review under 42 U.S.C.

---

[1] The Court refers to Plaintiff using only his first name and last initial pursuant to the Court's Civil Local Rules. See S.D. Cal. Civ. R. 7.1(e)(6)(b).

1

§ 405(g) of a final adverse decision for disability insurance benefits [ECF No. 1].[2] Defendant filed the Administrative Record on March 19, 2021 [ECF No. 10]. The case was transferred to this Court on April 19, 2021 [ECF No. 12]. On April 23, 2021, Plaintiff filed a Motion for Summary Judgment [ECF No. 13]. Plaintiff consented to have this Court conduct all proceedings in this case on April 27, 2021 [ECF No. 15].[3] Defendant filed a Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment on May 21, 2021 [ECF No. 16]. Plaintiff's Reply in Support of Motion for Summary Judgment and in Opposition to Defendant's Cross-Motion for Summary Judgment was filed on June 7, 2021 [ECF No. 17].

For the following reasons, Plaintiff's Motion for Summary Judgment is **GRANTED**; Defendant's Cross-Motion for Summary Judgment is **DENIED**; and the case is **REMANDED** for further proceedings.

## I. BACKGROUND

Plaintiff Donald H. was born in 1968 and completed high school. (Admin. R. 33-34, 164, ECF No. 10.)[4] He previously worked as a heavy construction equipment operator. (Id. at 34-35, 164.) On or about August 2, 2017, Donald H. filed an application for disability insurance benefits under Title II of the Social Security Act. (Id. at 135-36.) He alleged that he had been disabled since April 28, 2017, due to osteoarthritis of both knees, lumbar disc disease, and nerve pain in his legs. (Id. at 135, 163.) Plaintiff's application was denied on initial review and again on reconsideration. (Id. at 69-72, 76-

---

[2] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).
[3] The United States has informed the Court of its general consent to Magistrate Judge jurisdiction in cases of this nature.
[4] The administrative record is filed on the Court's docket as multiple attachments. The Court will cite to the administrative record using the page references contained on the original document rather than the page numbers designated by the Court's case management/electronic case filing system ("CM/ECF"). For all other documents, the Court cites to the page numbers affixed by CM/ECF.

80.) An administrative hearing was conducted on April 29, 2019, by Administrative Law Judge ("ALJ") Mark B. Greenberg. (Id. at 30.) On May 21, 2019, the ALJ issued a decision and concluded that Donald H. was not disabled. (Id. at 17-25.) Plaintiff requested a review of the ALJ's decision; the Appeals Council denied the request on April 20, 2020. (Id. at 1-4.) Plaintiff then commenced this action pursuant to 42 U.S.C. § 405(g).

## II.   LEGAL STANDARDS

Sections 405(g) and 421(d) of the Social Security Act allow unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner. 42 U.S.C.A. §§ 405(g), 421(d) (West 2011). The scope of judicial review is limited, however, and the denial of benefits "'will be disturbed only if it is not supported by substantial evidence or is based on legal error.'" Brawner v. Sec'y of Health & Human Servs., 839 F.2d 432, 433 (9th Cir. 1988) (quoting Green v. Heckler, 803 F.2d 528, 529 (9th Cir. 1986)); see also Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). Substantial evidence means "'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)); see also Biestek v. Berryhill, ___ U.S. ___, ___, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The court must consider the entire record, including the evidence that supports and detracts from the Commissioner's conclusions. Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988). If the evidence supports more than one rational interpretation, the court must uphold the ALJ's decision. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005); Ford v. Saul, 950 F.3d 1141, 1154 (9th Cir. 2020). The district court may affirm, modify, or reverse the Commissioner's decision. 42 U.S.C.A. § 405(g). The matter may also be remanded to the Social Security Administration for further proceedings. Id.

To qualify for disability benefits under the Social Security Act, a claimant must show two things: (1) The applicant suffers from a medically determinable impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of twelve months or more, and (2) the impairment renders the applicant incapable of performing the work that he or she previously performed or any other substantially gainful employment that exists in the national economy. See 42 U.S.C.A. §§ 423(d)(1)(A), (2)(A) (West 2011). An applicant must meet both requirements to be classified as "disabled." Id. The applicant bears the burden of proving he or she was either permanently disabled or subject to a condition which became so severe as to disable the applicant prior to the date upon which his or her disability insured status expired. Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995).

The Commissioner makes this assessment by employing a five-step analysis outlined in 20 C.F.R. § 404.1520. See also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999) (describing five steps). First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. 20 C.F.R. § 404.1520(b) (2019). Second, the Commissioner determines whether the claimant has a "severe impairment or combination of impairments" that significantly limits the claimant's physical or mental ability to do basic work activities. If not, the claimant is not disabled. Id. § 404.1520(c). Third, the medical evidence of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded. Id. § 404.1520(d). If not, the claimant's residual functional capacity is assessed and the evaluation proceeds to step four. Id. § 404.1520(e). Fourth, the Commissioner determines whether the claimant can do his or her past relevant work. If the claimant can do their past work, benefits are denied. Id.

1  § 404.1520(f). If the claimant cannot perform his or her past relevant work, the burden
2  shifts to the Commissioner. In step five, the Commissioner must establish that the
3  claimant can perform other work. Id. § 404.1520(g). If the Commissioner meets this
4  burden and proves that the claimant is able to perform other work that exists in the
5  national economy, benefits are denied. Id.

### III.    DISCUSSION

#### A.    ALJ's Decision

In his decision, ALJ Greenberg employed the five-step sequential analysis set forth in 20 C.F.R. § 404.1520. The ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 28, 2017, his alleged onset date (step one). (Admin. R. 19, ECF No. 10.) He found that Plaintiff had severe impairments including lumbar degenerative disc disease with radiculopathy to the left calf, sacroiliitis,[5] and osteoarthritis of bilateral knees status post-right knee surgery (step two). (Id.) The ALJ stated that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment (step three). (Id. at 20.) He then found that Donald H. retained the residual functional capacity to perform light work with occasional operation of foot controls; occasional postural activities; no climbing ladders, ropes, or scaffolds; no concentrated exposure to temperature extremes; no more than occasional exposure to moving machinery; and no work at unprotected heights. (Id. at 21.) ALJ Greenberg next determined that Plaintiff was unable to perform his past relevant work as a heavy equipment operator (step four). (Id. at 24.) The ALJ concluded that Plaintiff

---

[5] Sacroiliitis is the inflammation of one or both of the sacroiliac joints, which are situated where the lower spine and pelvis connect. Sacroiliitis can cause pain in the buttocks or lower back and can extend down one or both legs. Prolonged standing or stair climbing may worsen the pain. See Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/sacroiliitis/symptoms-causes-syc-20350747#:~:text=Sacroiliitis%20(say%2Dkroe%2Dil,climbing%20can%20worsen%20the%20pain (last visited Jan. 28, 2022).

was capable of performing the requirements of the representative occupations of hand packager, garment sorter, and stock checker (step five).  (Id. at 24-25.)  ALJ Greenberg accordingly found that Donald H. had not been under a disability from April 28, 2017, through the date of his decision.  (Id. at 25.)

B.  **Plaintiff's Testimony Regarding the Severity of his Symptoms**

Plaintiff's sole contention is that the ALJ failed to articulate clear and convincing reasons to reject his pain testimony.  (Pl.'s Mot. Attach. #1 Mem. P. & A. 4-8, ECF No. 13.)  At his hearing, Plaintiff testified that he stopped working because he "couldn't get up" and "was laid up because of [my] back, mainly."  (Admin. R. 35, ECF No. 10.)  His average pain level was nine on a scale of ten and his pain worsened by standing, sitting, walking, and twisting.  (Id. at 36.)  He testified that he could only lift a half-gallon of water.  (Id.)  He felt he could stand, walk, or sit for only twenty minutes a day and needed to spend most of the day lying down.  (Id. at 38.)  Donald H. stated that he had knee braces but could no longer put them on because of his back pain.  (Id. at 40.)  He had a walking stick and cane but did not use them because they irritated his back.  (Id. at 42.)

C.  **ALJ Failed to Articulate Sufficient Reasons for Rejecting Plaintiff's Subjective Symptom Testimony**

An ALJ engages in a two-step analysis to determine the extent to which a claimant's report of symptoms must be credited.  First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. Trevizo v. Berryhill, 871 F.3d 664, 678 (9th Cir. 2017) (citing Garrison, 759 F.3d at 1014-15); see also SSR 16-3P, 2017 WL 5180304, at *3 (Oct. 25, 2017); 20 C.F.R. § 404.1529(b) (2019).  In this analysis, the claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptoms alleged; nor is he required to produce objective evidence of the pain or its severity.  Trevizo, 871

F.3d at 678 (citing Garrison, 759 F.3d at 1014-15).  Second, once an underlying physical or mental impairment that could reasonably be expected to produce an individual's symptoms is established, the ALJ evaluates the intensity and persistence of those symptoms to determine the extent to which the symptoms limit the individual's ability to perform work-related activities.  SSR 16-3P, 2017 WL 5180304, at *3; 20 C.F.R. § 404.1529(c).  It is the responsibility of the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record.  See Treichler v. Comm'r Soc. Sec. Admin., 775 F.3d 1090, 1102 (9th Cir. 2014).  Under well-established case law, when the ALJ finds that a claimant "is not malingering and has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms [he] alleges, the ALJ may reject the claimant's testimony about the severity of those symptoms only by providing specific, clear, and convincing reasons for doing so."  Lambert v. Saul, 980 F.3d 1266, 1277 (9th Cir. 2020) (citing Brown-Hunter v. Colvin, 806 F.3d 487, 488-89 (9th Cir. 2015)).  This requires the ALJ to "specifically identify the testimony [from a claimant] she or he finds not to be credible and . . . explain what evidence undermines that testimony."  Lambert, 980 F.3d at 1277 (citing Treichler, 775 F.3d at 1102).  The clear and convincing standard is the most demanding required in Social Security cases and is not an easy requirement to meet.  Trevizo, 871 F.3d at 678 (citing Garrison, 759 F.3d at 1015).

### 1.    ALJ failed to specifically identify the testimony he found not to be credible

ALJ Greenberg determined that Donald H. satisfied step one of the two-step analysis.  (Admin. R. 23, ECF No. 10.)  At the second step, the ALJ stated that "[Plaintiff's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  (Id.)  This language, which is

routinely included in ALJ decisions denying benefits, is insufficient in and of itself to meet the requirements set forth in Ninth Circuit authority to reject a plaintiff's pain testimony because it does not "identify what parts of the claimant's testimony were not credible and why." See Lambert, 980 F.3d at 1277; Treichler, 775 F.3d at 1103. After making this boilerplate statement, ALJs typically identify which parts of the claimant's testimony were not credible and why. Treichler, 775 F.3d at 1103. Here, however, the ALJ did not do so. (See Admin. R. 24, ECF No. 10.) Instead, he proceeded with his discussion of the medical opinions and prior administrative findings. (Id.)

"Because the grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based, the agency must explain its reasoning." Treichler, 775 F.3d at 1102 (internal citation and quotations omitted). The Court has carefully reviewed the ALJ's decision and is unable to clearly discern any further reasons or explanation beyond the conclusory language cited above as to why ALJ Greenberg rejected Donald H.'s symptom testimony. As in Lambert, the Court therefore "cannot review whether the ALJ provided specific, clear, and convincing reasons for rejecting [Plaintiff's] pain testimony [because] . . . the ALJ never identified which testimony [he] found not credible, and never explained which evidence contradicted that testimony." See Lambert, 980 F.3d at 1277 (citing Brown-Hunter, 806 F.3d at 494). And although ALJ Greenberg provided a relatively detailed synopsis of Donald H.'s medical records, "providing a summary of medical evidence . . . is not the same as providing clear and convincing reasons for finding the claimant's symptom testimony not credible." Brown-Hunter, 806 F.3d at 494.

The ALJ thus committed legal error by failing to satisfy the requirement that he specifically identify which part of Plaintiff's testimony about the severity of his symptoms he found not credible and explain the evidence that contradicted Plaintiff's testimony.

8

20cv1123-RBB

### 2. Reasons purportedly offered by the ALJ insufficient to meet clear and convincing standard

Plaintiff generously reads the ALJ's decision as articulating two reasons for rejecting Donald H.'s symptom testimony: (1) Plaintiff's symptoms were inconsistent with the objective medical evidence, including diagnostic tests, physical examination findings, and medical opinions; and (2) Plaintiff's pain levels improved and stabilized with treatment. (Pl.'s Mot. 6-8, ECF No. 13.) Defendant suggests that the ALJ articulated a third reason for rejecting Plaintiff's pain testimony: the medical opinions in the record did not support Plaintiff's claim of disabling impairments. (Def.'s Opp'n & Cross-Mot. 8, ECF No. 16.) The Court, as discussed above, does not read the ALJ's decision as sufficiently articulating any specific reasons for rejecting Donald H.'s testimony about the severity of his symptoms. While ALJ Greenberg did indicate the three findings described by the parties in his decision, these findings are not clearly delineated or explained as his reasons for discounting Donald H.'s symptom testimony. The Court should not have to speculate as to the grounds for the ALJ's determinations. See Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991). Nonetheless, even if the decision could be read as the parties suggest, the Court still finds that the ALJ failed to articulate sufficient clear and convincing reasons to reject Plaintiff's pain testimony.

#### a. Objective medical evidence

Defendant argues that the ALJ correctly found that the diagnostic tests and physical examination findings in the record do not support Plaintiff's claim of disabling impairments. (Def.'s Cross-Mot. & Opp'n 6-8, ECF No. 16.) Diagnostic tests and physical examination findings are considered objective medical evidence. See 20 C.F.R. § 404.1529(c)(2) (defining objective medical evidence as "evidence obtained from the application of medically acceptable clinical and laboratory diagnostic techniques, such as evidence of reduced joint motion, muscle spasm, sensory deficit or motor disruption").

Although an ALJ may consider whether the alleged symptoms are consistent with the medical evidence as one factor in his evaluation, the ALJ may not disregard a claimant's testimony "solely because it is not substantiated affirmatively by objective medical evidence." See Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006); see also 20 C.F.R. § 404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements.").

     In this case, the ALJ referred to objective medical evidence in the record to demonstrate that the evidence generally showed normal or only mild findings. He referenced Plaintiff's March 7, 2017 lumbar MRI, which showed "mild multilevel spondylosis without a focal disc herniation, spinal stenosis, or nerve root impingement." (Admin. R. 22, ECF No. 10, citing id. at 291.) Bilateral knee x-rays taken on June 8, 2017, and an MRI taken of Plaintiff's left knee on June 13, 2017, showed only mild findings. (Id. at 23, citing id. at 282, 292.) A nerve conduction study performed on July 27, 2017, showed patterns inconsistent with "length-dependent large fiber polyneuropathy" or radiculopathy. (Id. at 23, citing 271.) The ALJ also cited the consultative orthopedic examination conducted by David T. Easley, M.D., on November 26, 2018, as evidence that Plaintiff exhibited normal findings upon physical examination. (See id. at 23.) ALJ Greenberg noted that Donald H. demonstrated a normal gait, no need for an assistive device to walk, no muscle spasm, equal muscle tone, negative straight leg raising test, and full strength in his extremities. (Id., citing id. at 296, 297-98.) The ALJ also correctly observed that Dr. Easley's physical examination showed some abnormal findings, including reduced range of motion in Plaintiff's back and knees, tenderness to palpation in the lumbar spine at L2 to L5 and over the right knee, and discomfort in the right sacroiliac joint. (Id., citing id. at 296, 298.)

Substantial evidence is not a high bar.  See Sandgathe 108 F.3d at 980 ("Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted).  After considering the record as a whole and evaluating both the evidence that supports and detracts from the Commissioner's conclusion, (see Desrosiers, 846 F.2d at 576), the Court finds that substantial evidence in the record supports the ALJ's finding that Plaintiff's subjective complaints were not fully supported by the objective medical evidence in the record.  But because an ALJ may not disregard a claimant's testimony "solely because it is not substantiated affirmatively by objective medical evidence," (see Robbins, 466 F.3d at 883), this reason in and of itself is not a sufficient basis for the ALJ's adverse credibility finding.  The ALJ was thus required to articulate other clear and convincing reasons to discount Plaintiff's pain testimony.

### b.   Improvement with treatment

The ALJ noted in his decision that knee injections provided some improvement in Plaintiff's pain and states multiple times that Plaintiff's "pain levels improved and stabilized with treatment." (Id. at 23, 24.)  In assessing a claimant's subjective symptoms, an ALJ may also properly consider whether the claimant had a "fair response" to treatment.  See Odle v. Heckler, 707 F.2d 439, 440 (9th Cir. 1983); see also 20 C.F.R. § 404.1529(c)(3)(v) (listing the treatment an individual has received for relief of pain or other symptoms as a factor the ALJ may consider in evaluating symptoms).  Plaintiff testified that treatment such as medication, ice, heat, physical therapy, SI joint injections, nerve blocks, and radiography ablation have helped his symptoms "a little bit." (Admin. R. 35, ECF No. 10.)  He also testified that CBD oil helped his inflammation but he could no longer afford it.  (Id. at 40.)

The record does not support the ALJ's interpretation of the medical evidence as reflecting that Plaintiff's symptoms improved and stabilized with treatment. Although the medical records indicated that injections to Donald H.'s knees helped, they also reflect that the relief was temporary. For example, Plaintiff received bilateral knee joint injections on September 20, 2018, but still complained of throbbing, deep, aching, and stabbing knee pain at a level of eight out of ten just a month later, on October 25, 2018. (Id. at 455, 459.) These records are consistent with Plaintiff's report to consultative examiner Dr. Easley that knee injections provided relief for only three to four weeks. (Id. at 295.) Similarly, Donald H. received bilateral sacroiliac ("SI") joint injections on August 30, 2018. (Id. at 342.) While the ALJ cited a treatment note dated September 4, 2018, only four days later, to show that the injection provided some improvement in Plaintiff's pain, (see id. at 422), the ALJ neglected that two months later, on October 25, 2018, Donald H. still complained of constant low back pain that he rated as eight on a scale of ten and which radiated into his lower extremities. (Id. at 459.) This is consistent with Plaintiff's report to his pain management doctor that the SI injections helped his pain for a few weeks but it then recurred, leading the physician to recommend bilateral lumbar facet intraarticular joint injections at L4, L5, S1. (Id. at 463, 465.)

"While ALJs obviously must rely on examples to show why they do not believe that a claimant is credible, the data points they choose must in fact constitute examples of a broader [course of improvement] to satisfy the applicable 'clear and convincing' standard." Garrison, 759 F.3d at 1018. Here, ALJ Greenberg singled out notes reflecting that injections provided "some improvement" to discredit Donald H. while ignoring that the injections did not fully negate Plaintiff's pain and that any improvement was only temporary. The ALJ's conclusion that Plaintiff's pain improved with treatment, absent further explanation, thus did not provide a clear and convincing reason to reject Plaintiff's symptom testimony.

### c. Medical opinion evidence

Defendant also contends that ALJ Greenberg relied on the medical opinions in the record in rejecting Donald H.'s pain allegations. (Def.'s Cross-Mot. & Opp'n 8, ECF No. 16.) The Commissioner's observation that the state agency physicians and the consultative examiner, Dr. Easley, opined that Plaintiff's impairments were not disabling is factually accurate; still, her argument is unpersuasive for two reasons. First, the ALJ did not specify that the medical opinion evidence constituted a basis for rejecting Donald H.'s subjective symptom testimony. Rather, the purpose of the ALJ's discussion of the medical opinion evidence was to articulate which opinions he found persuasive and which he found not persuasive in conjunction with his determination of Plaintiff's residual functional capacity ("RFC"). (See Admin. R. 24-25, ECF No. 10; see also 20 C.F.R. § 404.1545(a)(3) (2019)). A statement by the ALJ finding that the claimant's symptoms are not consistent with the evidence followed by a summary of the opinion evidence supporting his RFC determination is "not the sort of explanation or the kind of 'specific reasons' we must have in order to review the ALJ's decision meaningfully, so that we may ensure that the claimant's testimony was not arbitrarily discredited." Brown-Hunter, 806 F.3d at 494. Moreover, the Court is "constrained to review the reasons the ALJ asserts." Id. at 492. "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." Bray v. Comm's Soc. Sec. Admin., 554 F.3d 1219, 1225 (9th Cir. 2009).

Second, even if the medical opinions did serve as a basis for the ALJ to discredit Plaintiff's allegations of disabling pain, the cases relied on by the Commissioner do not support the proposition that medical opinions may constitute a reason, separate from objective medical evidence, to reject a claimant's symptom testimony. (See Def.'s Cross-Mot. & Opp'n 8, ECF No. 16.) In Stubbs-Danielson v. Astrue, 539 F.3d 1169 (9th

Cir. 2008), the Ninth Circuit found that the ALJ did not err in evaluating the claimant's subjective complaints because the claimant's daily activities suggested that she could still perform work, and noted as an aside that two doctors' reports supported the ALJ's credibility determination. Id. at 1175. The court did not hold that medical opinions could independently constitute a clear and convincing reason to reject a claimant's statements about the severity of his symptoms. And although the court in Moncada v. Chater, 60 F.3d 521 (9th Cir. 1995), upheld the ALJ's reliance on a doctor's report to discredit the plaintiff's pain testimony, that ALJ, unlike ALJ Greenberg here, articulated other clear and convincing reasons, beyond the doctor's report, to support his finding.

In sum, the ALJ, at best, articulated one specific reason for rejecting Donald H.'s testimony about the intensity, persistence, and limiting effects of his impairments: that the objective medical evidence did not support his allegations. Ninth Circuit authority does not permit the ALJ to rely solely on this reason. (See Robbins, 466 F.3d at 883.) Accordingly, the ALJ did not meet his burden of sufficiently articulating specific, clear, and convincing reasons to discount Plaintiff's symptom testimony.

**C.     Remedy**

Plaintiff argues that the proper remedy in this case is remand for the payment of benefits. (Pl.'s Mot. Attach. #1 Mem. P. & A. 8, ECF No. 13.) The Commissioner contends that the case should be remanded for further administrative proceedings if the Court finds any grounds for overturning the agency's decision. (Def.'s Cross-Mot. & Opp'n 10, ECF No. 16.) The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. 42 U.S.C. § 405(g); Treichler, 775 F.3d at 1090. A remand for an immediate award of benefits is appropriate only in rare circumstances. See Brown-Hunter, 806 F.3d at 495. "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded." Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir.

1981).  Here, although the Court finds that the ALJ committed legal error in his evaluation of Plaintiff's subjective symptom testimony, the Court is not satisfied that further administrative proceedings would serve no useful purpose.  Accordingly, remand is appropriate.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment is **GRANTED**; Defendant's Cross-Motion for Summary Judgment is **DENIED**; and the case is **REMANDED** for further proceedings.

This Order concludes the litigation in this matter.  The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated:  February 9, 2022

_____
Hon. Ruben B. Brooks
United States Magistrate Judge